A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

(a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

(b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

(c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

(d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

(e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| MARY L. EDDINGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 2:07cv649-TFM** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Following administrative denial of her applications for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq.*, and supplemental security income benefits under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq*, Mary L. Eddings ("Eddings") appeared before an administrative law judge ("ALJ") who rendered an unfavorable decision. When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and 28 U.S.C. § 636 (c), and for reasons herein explained, the court AFFIRMS THE COMMISSIONER'S decision.

**I. STANDARD OF REVIEW**

Judicial review of the Commissioner's decision to deny benefits is limited. The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the

Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), citing *Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.  ADMINISTRATIVE FINDINGS

Eddings, age 53 at the time of the hearing, has an eleventh grade education. Eddings' past relevant work includes employment as a yarn winder, wireworker, and bundler. Eddings alleges she became disabled on November 9, 2000 from pain in her back, right leg, and knees.[1] She did not engage in substantial gainful work activity at any time relevant to her application period.

The ALJ found Eddings was severely impaired by fibromyalgia, osteoarthritis, chronic obstructive pulmonary disease, hypertension, and obesity.[2] The ALJ also found Eddings did not have any impairment or combination of impairments that meet or equal in severity any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[3] It was determined Eddings had the residual functional capacity ("RFC") to perform light work activity, with some physical and non-exertional limitations, but could perform her past relevant work as a wire worker and bundler.[4] In addition, the ALJ identified other occupations consistent with Eddings' RFC and non-exertional limitations.[5] These findings regarding Eddings' ability to work rendered her ineligible for disability benefits under the Act.

### III.  ISSUES

---

[1] R. at 793-95; 233, 767.

[2] R. at 37, 42.

[3] R. at 37, 42.

[4] R. at 41, 42.

[5] R. at 41, 43.

Eddings raises two issues for judicial review:[6]

1. Whether the ALJ erred in his treatment of the treating physician's opinion.

2. Whether the ALJ correctly evaluated documentation and testimony concerning Eddings' pain?

## IV.  DISCUSSION

**1.    <u>The ALJ properly evaluated the physicians' opinions of disability</u>.**

Eddings argues the ALJ failed to properly evaluate the opinions from Dr. James Jakes and Dr. Mark Hayden.  The Commissioner responds the opinions at issue were not entitled to deference, and the decision was supported by opinions and medical evidence submitted by other physicians.

A treating physician's opinion "must be given substantial or considerable weight unless 'good cause' is shown to the contrary.'" *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004), citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  "Good cause" is present where the "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* at 1241*,* citing *Lewis.* When assessing medical evidence, an "ALJ [is] required to state with particularity the weight [given] the different medical opinions and the reasons therefor." *Sharfarz v. Bowen,* 825

---

[6]*See* Plaintiff's Brief ("Pl. Br.") at 1 (Doc. #13, filed November 26, 2007) *and* Order filed July 18, 2007 (Doc. #4) (directing Plaintiff to a brief in support of her claim(s) and to include in her brief a section titled "Statement of the Issues" which "shall state in a concise, and specific manner each issue which the plaintiff presents to the court for resolution").

F.2d 278, 279 (11th Cir.1987) (per curiam). Social security regulations require an ALJ evaluating medical opinion evidence to consider a variety of factors, including the examining and treatment relationships, the specialization of the person giving the opinion, and how well the record supports the opinion in question. *See* 20 C.F.R. § 404.1527(d)(1)-(6). "The weighing of evidence is a function of the factfinder, not of the district court. The question is not whether substantial evidence supports a finding made by the district court but whether substantial evidence supports a finding made by the Secretary." *Graham v. Bowen,* 790 F.2d 1572, 1575 (11th Cir. 1986).

Eddings argues the opinion from Dr. Jakes is entitled to deference because of his long-term treatment of her medical conditions. She cites an opinion rendered by Dr. Jakes on July 17, 1998, wherein Dr. Jakes wrote she could never return to work.[7] The record shows Dr. Jakes prepared treatment notes from Eddings' initial visit to his office in June, 1998, only one month before judging her disabled. The notes show Dr. Jakes found Edddings could "sit up from bed quite easily and roll over quite easily," and she reported "more back pain than exam and x-ray can explain."[8] The normal x-ray led him to diagnose fibromyalgia, for which he prescribed Flexeril and an exercise program for neck, shoulders, and back.[9] Dr. Jakes' July, 1998 examination of Eddings again diagnoses fibromyalgia, to be treated with Flexeril, with

---

[7] R. at 371.

[8] R. at 363.

[9] R. at 363.

no indications of systemic inflammatory disease.[10] Eddings also cites an opinion from Dr. Mark Hayden which was issued on November 15, 2002, wherein he doubted Eddings "will ever be employed again."[11] The Commissioner notes this opinion was rendered on what appeared to be Eddings' initial visit to Dr. Hayden.[12]

The ALJ explained he gave little weight to Dr. Jakes' opinion because it appeared the he "relied quite heavily" on Eddings' subjective reports of symptoms and limitations, and "seemed to uncritically accept as true most of what [Eddings] reported."[13] The decision notes Dr. Jakes comment upon the lack of support for Eddings' complaints in examination and x-rays.[14] The ALJ also reported Eddings' care under Dr. Hayden lasted for a brief, three week period late in 2002.[15] The decision continued to discuss findings and conclusions by other physicians regarding Eddings' physical condition, including her impairments by fibromyalgia, osteoarthritis, chronic obstructive pulmonary disease, hypertension, and obesity.[16]

---

[10] R. at 368.

[11] R. at 463.

[12] Def. Br. at 3-4. The Court also notes Eddings does not defend Dr. Hayden's opinion beyond her initial statement concerning the ALJ's alleged error, and does not address the merits of that opinion.

[13] R. at 39.

[14] R. at 39, 363.

[15] R. at 33.

[16] R. at 32-37.

Eddings argues this Court should endow Dr. Jakes' opinion with greater weight due to the long-term treatment relationship described in her brief.[17] However, the Commissioner argues Dr. Jakes had treated her for only one month, and two visits, when he rendered an opinion of disability. The "long-term treatment relationship" did not precede the opinion of disability. The Commissioner appropriately cites regulations which instruct the length of treatment and number of visits paid to a treating source are factors in the actual weight given to a particular source. *See* 20 C.F.R. §§ 404.1527(d)(2)(i), 416.927(d)(2)(I). These considerations greatly undercut the weight due opinions from Dr. Jakes and Dr. Hayden. Consequently, the length of the treatment relationship presented by these opinions, as well as the discrepancies between the medical findings and the evidence noted by Dr. Jakes, provide "good cause" under *Phillips* for the ALJ to discount the opinions of disability. Essentially, Dr. Jakes' July, 1998 statement of disability does not qualify as a "treating" opinion under *Phillips*, therefore, Eddings' attempt to categorize it as such must fail. Further, these physicians' statements concerning Eddings' inability to work constitute legal conclusions, as opposed to objective medical findings to be weighed in a disability determination. *Lewis,* 125 F.3d. at 1440.

The court finds the ALJ did not err in his treatment of Dr. Jakes' opinion regarding Eddings' ability to work, and substantial evidence in the record supported his decision.

### 2. The ALJ Correctly Evaluated Edding's Pain Under Eleventh Circuit Precedent.

---

[17]Pl. Br. at 9-11.

Eddings argues the ALJ erred in his evaluation of her pain. The Commissioner responds that the ALJ properly evaluated the credibility of Eddings' subjective complaints and objective medical evidence. The court agrees that the ALJ gave well-reasoned grounds to reject Eddings' allegations and testimony of disabling pain, and therefore, did not err in his evaluation of her pain. The five-step sequential analysis set forth in regulations require that a claimant prove that he is disabled. 20 C.F.R. § 404.1512; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).

The Eleventh Circuit has set forth its approved criteria for establishing a disability based on testimony of pain and other symptoms. It explained that

> a claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain. If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citations omitted). A "claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991). "Indeed, in certain situations,, pain alone can be disabling, even when its existence is unsupported by objective evidence." *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). An ALJ must explicitly explain why he chose not to credit a claimant's testimony. *Brown*, 921 F.2d at 1236. When evaluating a claim based on disabling subjective

symptoms, the ALJ considers medical findings, a claimant's statements, statements by the treating physician and evidence of how the pain affects the claimant's daily activities and ability to work. 20 C.F.R. § 416.929(a). "The decision concerning the plaintiff's credibility is a function solely within the control of the Commissioner and not the courts." *Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1213 (M.D. Ala. 2002).

The ALJ in this case set forth several factors presented by the record which led him to find Eddings was not disabled by pain. The administrative decision noted Eddings stopped working in May of 1996 not because medical problems, but because of a work-force layoff. Finding no significant deterioration in her medical condition since her layoff, the ALJ reasoned Eddings is able to perform past work.[18] This finding is uncontradicted by the medical reports in the record, save those from Drs. Jakes and Hayden, discussed above. Eddings' daily activities included cooking, laundry, and church services twice weekly.[19] The ALJ considered the hearing testimony from the medical expert, who stated Eddings could sit one hour at a time and up to 8 hours a day, as well as stand one hour at a time and up to 6 hours a day.[20] This assessment is consistent with the submission from Dr. Philip Golumb, who examined Eddings and reported she sat "comfortably in the chair for one and a half hours, virtually in the same position, in absolutely no distress whatsoever."[21]

---

[18] R. at 39.

[19] R. at 39-40

[20] R. at 40, 799.

[21] R. at 508.

Here, the ALJ chose not to credit Eddings' testimony. This decision is supported by the discrepancies between her testimony, and the medical reports of her conditions and activities.[22] Essentially, the ALJ followed the second prong of the *Wilson* test to determine the record did not contain medical signs or laboratory findings which could be reasonably expected to produce the pain alleged. *Wilson, id*. Eddings demonstrated the underlying medical conditions required under *Wilson*, but did not show objective medical evidence to confirm the severity of the alleged pain, or show the medical conditions could produce the pain alleged during her administrative hearing. The ALJ's decision provided specific reasons for discrediting Eddings' subjective testimony. *Id.; see also Foote*, 67 F.3d at 1562 (a clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed ).

This statement of explicit reasons for the ALJ's rejection of Eddings' subjective testimony of pain and disability satisfy the requirements in the Eleventh Circuit, and the ALJ cited substantial evidence for his decision on this issue. The record shows that Eddings' subjective complaints of pain did not support a finding that she was disabled, or even that she was unable to perform her past relevant work. Thus, she failed to meet her burden of proof, and the court finds no reversible error on this issue.

## V. CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the

---

[22]R. at 39-40.

court concludes that the ALJ's non-disability determination is supported by substantial evidence and proper application of the law.  It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED.**   A separate judgment is entered herewith.

Done this 11th day of March, 2008.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE